**Sharon CLARK, Individually and as an Heir to the Estate of Stephanie Despaw, Deceased, Appellant,**

v.

**HARRIS COUNTY SHERIFF'S DEPARTMENT and Israel Flores, Appellees.**

No. C14–94–00033–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 3, 1994.

Anthony P. Griffin, Galveston, for appellant.

Barbara L. Burnett, Houston, for appellees.

Before ROBERTSON, CANNON and LEE, JJ.

### OPINION

CANNON, Justice.

Sharon Clark appeals the verdict of the jury finding no negligence on the part of Sheriff's Deputy Israel Flores and Harris County in an auto-pedestrian accident which resulted in the death of her daughter, Ste-

phanie. Sharon Clark brings a single point of error challenging the trial court's refusal to strike certain jurors for cause. We affirm.

During voir dire, Clark challenged several venirepersons for cause on the grounds they were biased due to a predisposition to believe Flores because he was a law enforcement officer. Extensive questioning was done to determine if indeed these venirepersons were biased, and many of Clark's challenges were sustained. Jurors 1, 6, and 8, however, although challenged by Clark, ultimately served.

■ The procedure for preserving error of a trial court's failure to strike jurors for cause is set out in *Hallett v. Houston North-west Medical Center*, 689 S.W.2d 888, 890 (Tex.1985). In order to preserve error, a party must, prior to exercising her peremptory challenges, advise the trial court of two things: (1) she would exhaust her peremptory challenges; and (2) after exercising her peremptory challenges, specific objectionable jurors would remain on the jury list. The Court goes on to state that absent notice to the trial court, the party waives any error committed by the trial court in its refusal to discharge jurors challenged for cause. *Id.*

■ We have examined the record. We can find no point at which Clark did notify the trial court, prior to exercising her peremptory strikes, that she would exhaust her strikes and that objectionable jurors would remain on the jury. Clark cites us to one point in the record which she claims supports her argument. At that point, her attorney stated, "Okay. Previously we urged challenges for causes [sic] for jurors No, 1, 2, 4, 6, 8, 9 and 10. We would reurge those challenges for causes [sic]. . . ." It is Clark's theory on appeal that this was sufficient to put the district court on notice that she would use up all her peremptory strikes and still be left with objectionable jurors on the final panel.

Clark's argument, however, requires the judge to make a deductive leap that subtracting the four strikes permitted Clark would possibly leave as many as three objectionable jurors on the panel, depending on the defendant's strikes. While this appears reason-able on its face, we firmly believe subscribing to this theory would open the door to greater evils. We have no doubt that in the future this Court would be called upon to evaluate progressively more tenuous fact patterns to determine whether or not, based on the complaining party's actions, the district judge should have deduced that objectionable jurors would be left on the panel. This is unacceptable. The current rule requires an attorney to specifically call to the district court's attention, before exercising peremptory strikes, that she will exhaust those strikes and objectionable jurors will nonetheless remain on the panel. The district judge can immediately take steps to determine what jurors are involved and whether they are indeed biased or otherwise unsuitable to serve. This way, the procedure is clear and there is no need for an appellate court to delve into each district judge's mental processes to determine what each judge should and should not have deduced from an infinite array of facts.

We hold Clark did not properly preserve error for review. We overrule Clark's sole point of error. We affirm the judgment.

LEE, J., sitting in for DRAUGHN, J.