San Juana GUERRA, Appellant,

v.

WAL–MART STORES, INC., d/b/a Sam's
Wholesale Club, Appellee.

No. 04–95–00394–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 29, 1997.

Rehearing Overruled April 2, 1997.

Hugo Xavier De Los Santos, San Antonio, for Appellant.

Harold R. Loftin, Jr., Small, Craig & Werkenthin, P.C., Austin, Stephen R. Fogle, Small, Craig & Werkenthin, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

This is a negligence case. San Juana Guerra claimed that a Sam's Wholesale Club employee negligently threw a cart, which struck her and injured her back. The case was tried to a jury, which unanimously found in favor of the defendant, Wal–Mart Stores, Inc., d/b/a Sam's Wholesale Club (Sam's). The trial court entered judgment in favor of Sam's. We affirm.

## FACTS

The actual occurrence made the basis of Guerra's suit against Sam's is disputed by the parties. Guerra claimed that when she visited a Sam's store on April 30, 1990 accompanied by her daughter, she was struck from behind by a shopping cart thrown by a Sam's employee who was not watching what he was doing. Guerra contended that she suffered injury to her back as a result of this incident. Guerra said that she reported the accident immediately to store personnel. Sam's maintained at trial that the accident never occurred, and claimed that the accident was never reported to store personnel. The jury found that Sam's did not cause a shopping cart to come into contact with Guerra, that the negligence of Sam's did not proximately cause the occurrence in question, and that Guerra should be awarded no damages.

In four points of error, Guerra contends that the trial court erred in (1) not disqualifying for cause venire panel members who were members of Sam's Shopping Club; (2) not overruling the jury's verdict in favor of the defendant because the same was contrary to the great weight and preponderance of the evidence; (3) admitting evidence on Guerra's collateral sources of recovery over Guerra's objection; and (4) refusing to grant Guerra's supplemental request for a jury question on assault and battery. We will consider each of these in turn.

## DISQUALIFICATION OF PANEL MEMBERS

Guerra claims in her first point of error that the trial court erred in not disqualifying for cause certain members of the venire jury panel who were members of the Sam's Shopping Club. During the voir dire in this case, twenty-two of the venire panel members stated that they or their relatives or businesses had memberships with Sam's. At the conclusion of voir dire, Guerra moved to strike seventeen panel members for cause because they had a Sam's membership, or access to a Sam's membership, which rendered them "interested" in the litigation. The trial court denied the motion to strike these jurors.

■ Sam's claims that Guerra failed to preserve error regarding the petit jury by failing to assert timely objections. We disagree. To preserve error regarding the trial court's failure to excuse unqualified jurors, a party must, prior to the exercise of peremptory challenges, advise the trial court that: (1) the party will exhaust all peremptory challenges; and (2) after exercising all peremptory challenges, specific objectionable jurors will remain on the jury list. *Hallett v. Houston N.W. Medical Ctr.*, 689 S.W.2d 888, 890 (Tex.1985); *Clark v. Harris County Sheriff's Dep't*, 889 S.W.2d 569, 570 (Tex. App.—Houston [14th Dist.] 1994, no writ). In this case, Guerra told the judge all of the jurors that she felt should be excused for cause, and why they should be excused for cause. Guerra also told the trial judge that "these individuals would be persons that would be on the venire panel that the plaintiff would be forced to have to use peremptory strikes in order to avoid." As there were seventeen panel members that were members of the Sam's club, the problem is obvious. On balance, we feel that the court was fairly apprised of the problem and error was preserved.

Turning to the merits of Guerra's first point of error, we note that the Texas Legislature has provided that "[a] person is disqualified to serve as a petit juror in a particular case if he ... is interested, directly or indirectly, in the subject matter of the case." TEX. GOVT.CODE ANN. § 62.105(2) (Vernon Supp.1996). Texas courts have held that a disqualifying interest in cases in which a company or organization is a party includes that of stockholders of a corporation, *Texas Power & Light v. Adams,* 404 S.W.2d 930, 943 (Tex.Civ.App.—Tyler 1966, no writ), and insureds of an insurance company, *Texas Employer's Ins. Ass'n v. Lane,* 251 S.W.2d 181, 182 (Tex.Civ.App.—Fort Worth 1952, writ ref'd n.r.e.). Guerra asserts that membership in a cooperative such as the Sam's club is analogous to stockholder status in a corporation or policyholder status in an insurance company. We cannot agree with this assertion. First, with regard to stockholders, a judgment against a corporation in some small measure hurts all stockholders of a corporation because the stock is worth less after the judgment than before. The same is not true for a Sam's club membership. The membership is still worth the same after a judgment adverse to Sam's: the member can still shop at Sam's. Second, regarding insurance policyholders, a judgment against an insurance company may adversely affect policyholders in that their premiums may be increased. Conversely, nothing in the record demonstrates that members of the Sam's Shopping Club would in any way be assessed a portion of any judgment rendered in this case. In sum, nothing in the record establishes that any juror would be affected in any way by the outcome of the litigation against Sam's.

Texas courts have recognized that an interest can be too remote to require the disqualification of a juror. For example, tax payer residents of a city are not disqualified from serving in a case in which the city is a defendant. *City of Hawkins v. E.B. Germany & Sons,* 425 S.W.2d 23, 26 (Tex.Civ. App.—Tyler 1968, writ ref'd n.r.e.). If a tax payer, whose taxes may be increased by an adverse judgment against the city in which the tax payer resides, is not automatically disqualified, a Sam's club member should not be disqualified. The interest, if any, of the panel members who were members of the Sam's club was simply too remote to constitute a direct or indirect interest in the subject matter of this litigation.

Guerra also asserts that the objectionable jurors in this case should have been disqualified for cause on the basis of bias or prejudice. A trial court's decision regarding challenges for cause on the basis of bias is subject to an abuse of discretion standard. *Erwin v. Consolvo,* 521 S.W.2d 643, 646 (Tex. Civ.App.—Fort Worth 1975, no writ). To disqualify a juror on the basis of bias, a party must show that the potential juror will not act with impartiality. *Compton v. Henrie,* 364 S.W.2d 179, 182 (Tex.1963); *Garza v. Tan,* 849 S.W.2d 430, 432 (Tex.App.—Corpus Christi 1993, no writ). Guerra has failed to demonstrate that any potential juror not excused for cause made statements from which bias or prejudice could be inferred.

Guerra's first point of error is overruled.

## SUFFICIENCY OF EVIDENCE

In her second point of error, Guerra claims that the jury's verdict was against the great weight and preponderance of the evidence. The jury was asked three questions. Questions one and two and the jury's answers were as follows:

*Question No. 1*

On the occasion in question, did Wal–Mart Stores, Inc. d/b/a Sam's Wholesale Club cause a shopping cart to come into contact with the body of San Juana Guerra?

Answer "Yes" or "No."

Answer: No

*Question No. 2*

Did the negligence, if any, of Wal–Mart Stores, Inc. d/b/a Sam's Wholesale Club proximately cause the occurrence in question?

Answer "Yes" or "No."

Answer: No

The third question inquired about damages, to which the jury returned an answer of zero.

Guerra had the burden of proof on all three questions submitted to the jury. In reviewing a factual sufficiency point on which the complaining party had the burden of proof, we assess all the evidence and reverse for a new trial only if the challenged findings are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The same standard applies and a reversal is proper if the jury's failure to find a fact is against the great weight and preponderance of the evidence. *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex.1988). However, in evaluating great-weight points complaining of a jury's failure to find a fact, we must be mindful that the jury was not convinced by a preponderance of the evidence. *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex.1988). We can reverse only if a detailing of the evidence shows that the great weight of the evidence clearly supports an affirmative answer. *Id.*

A review of the evidence in this case indicates that the jury's failure to answer questions one and two in the affirmative was not against the great weight and preponderance of the evidence. Guerra's evidence at trial consisted almost entirely of her own testimony and that of her children and experts. Guerra testified that she and her daughter visited a Sam's store on April 30, 1990. She stated that a Sam's employee threw a steel shopping cart, hitting her in the back and injuring her. Guerra's daughter, Eulalia, then testified that a male Sam's employee who had been greeting incoming customers and arranging shopping carts threw a cart backwards without looking. Eulalia stated that the shopping cart hit her mother in the back. Guerra and her daughter both testified that they spoke to a Sam's representative who made a report of the incident. Finally, Guerra's experts testified that Guerra suffered serious bodily injury as a result of the April 30, 1990 incident, and that she had incurred medical bills for treatment of the injury.

In addition to the above evidence, the jury was also entitled to consider the evidence presented by Sam's, which could have suggested to the jury that the accident never occurred. Representatives of Sam's testified at length regarding the policies and procedures employed by Sam's with respect to in-store accidents. The evidence established that Sam's had specific policies requiring that records be maintained regarding such accidents and that medical assistance be offered to injured patrons. Yet, no records of Guerra's accident were located. The jury could infer from the absence of such records that no accident occurred. *See Sudduth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 197 (Tex.1970).

Although evidence was presented at trial tending to support the positions of both parties in this case, we are not convinced that the overwhelming weight of the evidence supported only an affirmative answer to questions one and two. Nearly all of the witnesses called by Guerra were interested witnesses, and the jury was the sole judge of the credibility of these witnesses. *E.g., Gray v. Floyd*, 783 S.W.2d 214, 216 (Tex. App.—Houston [1st Dist.] 1990, no writ); *Tatum v. Huddleston*, 711 S.W.2d 367, 369 (Tex. App.—Texarkana 1986, no writ). The jury simply chose to disbelieve these witnesses. The jury's refusal to answer questions one and two in the affirmative is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. Having found that the jury's determinations in questions one and two were not against the great weight and preponderance of the evidence, the issue of compensation addressed in question three becomes irrelevant. "It has long been the law in Texas that a finding of zero damages, even if contrary to the uncontroverted evidence, is rendered immaterial by a finding of no liability." *Ramsey v. Lucky Stores*, 853 S.W.2d 623, 635 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A jury's answer is immaterial if it will not change the effect of the verdict. *Fleet v. Fleet*, 711 S.W.2d 1, 2 (Tex.1986). Regardless of the jury's answer in question three in this case, the trial court would have been compelled to enter a take-nothing judgment against plaintiffs as a result of the jury's

findings of no liability. Consequently, the issue of compensation was immaterial.

Guerra's second point of error is overruled

## COLLATERAL-SOURCE EVIDENCE

■ Guerra claims in her third point of error that the trial court erred by admitting evidence regarding Guerra's collateral sources of recovery. The evidence of which Guerra complains was elicited by Sam's from Guerra herself. Guerra revealed that she had suffered a prior back injury at her workplace and entered into a settlement agreement with a third party that contained a five year open medical provision permitting her to obtain treatment for her back in the future, should it become necessary. Sam's contends that Guerra "opened the door" to the inquiry that led to the admission of this evidence because she had previously left the jury with the impression that she did not have enough money to pay the medical bills.

■ A court's ruling on the admissibility of evidence regarding income from a collateral source is reviewed under an abuse of discretion standard. *Castro v. U.S. Natural Resources*, 880 S.W.2d 62, 67 (Tex.App.— San Antonio 1994, writ denied). To obtain reversal based on the admission of such evidence, an appellant must demonstrate that the court's ruling was in error and that the error was calculated to cause and probably did cause the rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins.*, 765 S.W.2d 394, 396 (Tex.1989). As a general rule, evidence regarding worker's compensation benefits is inadmissible in a suit against a third-party tortfeasor because it is immaterial and it has a tendency to confuse the jury. *See Castro*, 880 S.W.2d at 66–67; *Exxon Corp. v. Shuttlesworth*, 800 S.W.2d 902, 907 (Tex.App.—Houston [14th Dist.] 1990, no writ). Exceptions to this rule exist when the evidence is offered for impeachment purposes in response to testimony by the witness that is inconsistent with the receipt of benefits. *J.R. Beadel & Co. v. De La Garza*, 690 S.W.2d 71, 74 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ Even assuming that Guerra's statements in the present case were not inconsis-

tent with the receipt of benefits from her prior settlement, the error, if any, in admitting evidence of Guerra's collateral source of recovery was harmless. The collateral-source rule is based on the theory that juries may view a plaintiff's recovery as a double recovery and adjust their verdicts accordingly if they are permitted to consider collateral benefits. *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 581–82 (Tex.App.—Houston [1st Dist.] 1992, no writ). This concern is not raised in the present case. The jury in this case determined that Sam's was not responsible for Guerra's injuries. Having made that determination, the issue of damages became irrelevant.

■ Erroneous rulings on the admissibility of evidence are typically not reversible unless the evidence is controlling on a material issue dispositive of the case. *Gee*, 765 S.W.2d at 396. We cannot conclude that the verdict in this case was controlled by the admission of Guerra's testimony regarding her receipt of benefits under a prior settlement agreement. Guerra's third point of error is overruled.

## OMISSION OF ASSAULT AND BATTERY QUESTION

■ In her fourth and final point of error, Guerra claims that the trial court erred in refusing to grant her request for a question on assault and battery in the charge to the jury. Guerra properly objected to the court's failure to include such a question in the charge. Rule 278 of the Texas Rules of Civil Procedure provides in pertinent part: "The court shall submit the questions, instructions and definitions ... which are raised by the written pleadings." TEX.R. CIV. P. 278. Guerra claims that her pleadings alleged sufficient facts to support an assault and battery claim. We disagree. Guerra's original petition speaks only of negligence. The original petition includes words such as "ordinary care," "carelessly," and "proximate cause," and alleges that Sam's was "guilty of negligence." Guerra's First Amended Original Petition was her first pleading that included an assault and battery claim, and it was filed on December 12, 1995, the first day of trial. No motion for leave to

file this pleading is included in the record, and a notation was made in the top right-hand corner of the petition that Guerra's request for leave to file this pleading was denied on December 12, 1994. Guerra filed a Second Amended Petition on December 15, 1994, the last day of trial, which also included an assault and battery claim. However, this pleading also contained a notation that leave to file was denied on December 15, 1994. Guerra has not challenged the trial court's denial of leave to file these amended pleadings. Because these pleadings were filed within seven days of trial without leave of court, they are a nullity. The trial court was not required to include a question on assault and battery when the same was not raised by the pleadings on file at the time of trial. Guerra's fourth point of error is overruled.

The judgment of the trial court is affirmed.