

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00363-CV

RUBY LUCILLE HALL                                   APPELLANT

V.

RDSL ENTERPRISES LLC D/B/A                   APPELLEE
JACK IN THE BOX

----------

## FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Ruby Lucille Hall presents a sole issue on appeal, contending that the trial court erred by granting summary judgment in favor of Appellee RDSL Enterprises LLC d/b/a Jack in the Box in her suit alleging a violation of section 21.051 of the Texas Labor Code. Specifically, Hall contends that she

established a prima facie case of age discrimination and therefore summary judgment was improper in this case. We will reverse and remand.

## II. BACKGROUND

According to Hall's original petition—the live petition at the time the trial court granted summary judgment—Hall began working for Jack in the Box in 1990. In 2008, RDSL took over management of the restaurant where Hall worked as a "food prep" specialist. By Hall's account, RDSL began to cut her hours, which "were assumed by younger employees." Hall alleged that "eventually in November of 2010, she was simply terminated from her employment and replaced by a much younger employee." At that time, Hall was eighty-one years old. Hall pleaded that RDSL was "liable under §21.051 [of the] Texas Labor Code for discrimination on the basis of age."

Seven months after Hall filed suit and after both parties conducted discovery, RDSL filed a combination traditional and no-evidence motion for summary judgment. Under both summary judgment standards, RDSL argued that Hall failed to establish the fourth element of her prima facie age-discrimination claim under the *McDonnell Douglas* burden-shifting paradigm. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792–93, 93 S. Ct. 1817, 1819–20 (1973). In its traditional motion for summary judgment, RDSL argued that the evidence conclusively established that Hall was neither replaced by someone younger nor was she otherwise discharged because of her age. In its no-evidence motion for summary judgment, RDSL argued that Hall had failed to

2

produce any evidence that she was replaced by someone outside of her age-related, protected class and that she had failed to provide any evidence that age was a motivating factor in the reduction of her hours or her "alleged termination."

RDSL later filed a supplemental no-evidence motion for summary judgment in which it added the argument that in a "non-replacement," age-discrimination case, the plaintiff is required to present evidence that she had been "treated less favorably than similarly situated members outside the protected class." Accordingly, RDSL argued that Hall presented no evidence that "age was a motivating factor in the reduction [of Hall's] hours or her alleged termination"; that she presented no evidence of age-related comments by an individual who had the authority to reduce Hall's hours or terminate her employment; and that Hall presented no evidence that she "was treated less favorably than similarly situated members outside of [Hall's] protected class or that [RDSL] filled [Hall's] position with a person who was not a member of the protected class."

In her response to RDSL's motion, Hall argued that she was relying solely "upon circumstantial evidence" to support her age-discrimination claim and that under the *McDonnell Douglas* burden-shifting rubric, she had presented evidence that created, at a minimum, genuine issues of material fact as to each of the elements of her prima facie age-discrimination claim. Specifically as to the fourth element, and even though Hall acknowledged that there was no evidence that RDSL had replaced her after her alleged termination, Hall argued that she had

3

presented sufficient evidence to withstand summary judgment. Citing *Russo v. Smith International, Inc.* for the proposition that when a terminated employee is not replaced, she is only required to produce evidence that younger employees in a similar position were retained, Hall argued that she had presented evidence that "she was replaced by employees far younger than her." 93 S.W.3d 428, 435–36 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

As evidence of this theory of age-discrimination, Hall argued that a spreadsheet produced by RDSL during discovery, in which it listed all employees and their respective ages, demonstrated that after RDSL allegedly fired her, all employees remaining were substantially younger than her. Hall also argued that the evidence demonstrated that since RDSL took over managing the Jack in the Box where she worked, RDSL had established a record of "separat[ing]" older employees from employment while maintaining a younger employment roster. Hall also argued that since RDSL's arrival, the three oldest employees (including herself) had been "separated from RDSL." Furthermore, Hall attached to her response the deposition testimony by RDSL's area manager in which he described a corporate-wide, cost-motivated plan to eliminate the "food prep" position from all Jack in the Box locations and he stated that the duties performed by the food prep position were to be distributed to other positions. Hall also attached evidence to her response that while younger employees were trained for these positions, she was not.

4

Hall also argued that even if a *Russo*-type analysis did not apply to her case, she had presented competent summary judgment evidence of the fourth element of her prima facie case that established she was "otherwise discharged because of her age." Hall pointed to evidence in the record that an alleged manager had referred to her as "Grandma"; that her hours were repeatedly cut by a different manager while her coworkers' hours were not; that her coworkers played loud music while she worked; that she had been called a "racist" by an assistant manager named "Maria"; that her coworkers would not talk to her, or when they did, they would say things like "get out of the way"; that her coworkers spoke Spanish only, thus "excluding her from communications at work"; that her area manager was "not friendly to her, but was friendly to other employees"; and that RDSL had failed to train her to multi-task while training her "younger, Hispanic [coworkers]" to do so, thus providing RDSL with a reason to terminate her employment—that she did not multitask and could not perform non-food prep tasks.

Without specifying the basis for its ruling, the trial court granted RDSL's "Motion for Summary Judgment and Supplemental Motion for Summary Judgment" on August 16, 2012. This appeal followed.

### III. DISCUSSION

In her sole issue, Hall argues that the trial court erred by granting summary judgment because, according to Hall, she presented circumstantial evidence establishing a prima facie case of age discrimination. Specifically, Hall argues

5

that she presented evidence that RDSL retained "younger employees in similar positions" to her while terminating her employment; thus, she is entitled to the modified "reduction in force" standard for establishing her prima facie case. *See Russo*, 93 S.W.3d at 435–36 (applying modified prima facie standard to age-discrimination claim where plaintiff had not been replaced by another employee due to company's reduction-in-force efforts). Alternatively, Hall argues that even if this is not a reduction-in-force case, she established that she was "otherwise discharged because of her age."

RDSL counters that there is no evidence that Hall was replaced. Furthermore, RDSL argues that the reduction-in-force standard does not apply to this case, that Hall did not plead that this was a reduction-in-force case, and that Hall did not establish that she was otherwise discharged because of her age. We agree with Hall that she established her prima facie case for age discrimination.

### A. Summary Judgment Standards

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801,*

*Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

In a traditional summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort*, 289 S.W.3d at 848. If uncontroverted evidence is from an interested witness, it does nothing more than raise a fact issue unless it is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Tex. R. Civ. P. 166a(c); *Morrison v. Christie*, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth 2008, no pet.).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). If the nonmovant brings forward more than a scintilla of

7

probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

When a party moves for both a traditional and a no-evidence summary judgment, we generally first review the trial court's summary judgment under no-evidence standards. See *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied).

## B. Texas Law and the *McDonnell Douglas* Minuet

An employer is prohibited from discharging or in any other way discriminating against an employee because of the employee's age. *See* Tex. Lab. Code Ann. § 21.051 (West 2006). One of the purposes of the Texas Commission on Human Rights Act (TCHRA) is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964." Tex. Lab. Code Ann. § 21.001(1) (West 2006). In interpreting the TCHRA, the Texas Supreme Court has consistently looked to analogous federal statutes and the cases interpreting them for guidance. *See Mission Consol. Indep. School Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) (citing *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001)); *see also NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

8

Texas courts follow the approach set forth by the United States Supreme Court and recognize two alternative methods of proof in discriminatory treatment cases. *Mission Consol.*, 372 S.W.3d at 634. Under the first method, a plaintiff proves discriminatory intent via direct evidence. *Id.* "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied*, 539 U.S. 926 (2003). But it is often difficult to prove "forbidden animus" through direct evidence. *See Mission Consol.*, 372 S.W.3d at 634 (recognizing that "motives are often more covert than overt, making direct evidence of forbidden animus hard to come by"); *see also U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716–17, 103 S. Ct. 1478, 1482 (1983) (noting that there will seldom be an eyewitness who can testify as to the employer's mental processes and therefore recognizing the difficultly in using direct evidence to prove the "state of a man's mind at a particular time"). Thus, in order to ease the burden on discrimination plaintiffs, the court created a second method of proof. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S. Ct. at 1824; *Mission Consol.*, 372 S.W.3d at 634. Accordingly, when there is no direct evidence of discriminatory intent, discrimination can be shown indirectly through a burden-shifting method of proof. *See McDonnell Douglas Corp.*, 411 U.S. at 801–03, 93 S. Ct. at 1824; *Mission Consol.*, 372 S.W.3d at 634.

Hall admittedly provided only circumstantial evidence in support of her age-discrimination claim. Thus, her case falls under the second method of

9

proving discriminatory treatment. Under this second method, as a general rule, the plaintiff must first make a prima facie case showing that the plaintiff: (1) was discharged; (2) was qualified for the position from which she was discharged; (3) is a member of a protected class; and (4) was either replaced by someone outside the protected class, replaced by someone younger, or was otherwise discharged because of her age. *Mission Consol.*, 372 S.W.3d at 632. So long as a plaintiff meets the "minimal" initial burden of establishing a prima facie case of discrimination, she is entitled to a presumption of discrimination. *Id.* at 634 (citing *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094 (1981)). "Although the precise elements of this showing will vary depending on the circumstances, the plaintiff's burden at this stage of the case is not onerous." *Mission Consol.*, 372 S.W.3d at 634 (quoting *Burdine*, 450 U.S. at 253, 101 S. Ct. at 1094) (internal quotations omitted). Once the plaintiff makes a prima facie showing, the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action. *McDonnell Douglas Corp.*, 411 U.S. at 802–03, 93 S. Ct. at 1824. If the defendant meets this burden, then the plaintiff must prove that the employer's stated reason for the adverse action was merely pretext for the real, discriminatory purpose. *Id.*

Summary judgment is usually considered an inappropriate tool for resolving employment discrimination cases because the claims involve "nebulous questions of motivation and intent." *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 640 (5th Cir. 1985); *see also Clemons v. Tex. Concrete*

*Materials, Ltd.*, 07-09-00034-CV, 2010 WL 4105662, at *4 (Tex. App.—Amarillo Oct. 19, 2010, no pet.) (mem. op.).

### C.    Hall's Prima Facie Case

As discussed above, precise requirements to establish a prima facie case under the *McDonnell Douglas* minuet vary depending on the allegations in each particular case. *Acosta v. Gov't Empls. Credit Union*, 351 S.W.3d 637, 641 (Tex. App.—El Paso 2011, no pet.). And it is often the fourth prong of the minuet that receives the most variation and attention. *Mission Consol.*, 372 S.W.3d at 634. As the Supreme Court of Texas recently stated about applying the *McDonnell Douglas* prima facie standard, "harmony turns to discord when we approach the fourth and final element." *Id.* Indeed, in this case the issue of what type of fourth factor analysis applies is a primary focus of both parties.

Hall argues that she is entitled to the "altered" analysis found in reduction-in-force cases. *See Williams v. Gen. Motors Corp.*, 656 F.2d 120, 127–28 (5th Cir. 1981) (establishing modified prima facie standard in reduction-in-force cases); *Russo*, 93 S.W.3d at 435–36 (discussing the Fifth Circuits' modified prima facie standard in cases involving a general reduction in the employer's workforce); *see also Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812–13 (5th Cir. 1991) (elaborating upon the special *Williams* prima facie case standard in reduction-in-force cases). RDSL argues that a reduction-in-force standard does not apply to this case because Hall specifically pleaded a "true replacement" case. *See Mission Consol.*, 372 S.W.3d at 642 (holding that in a

11

"true replacement" case, the fourth prong of the *McDonnell Douglas* minuet is satisfied only by evidence that plaintiff was replaced by someone younger).

Even though portions of Hall's pleadings state that she was replaced by "much younger" employees, Hall also initially pleaded that "new management began to cut her hours [and her] hours were assumed by younger employees." A reduction in hours is an adverse employment action under the TCHRA because it "constitutes a significant change in employment status." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 2268 (1998). Given that Hall, in addition to pleading that she was replaced by a younger employee, also pleaded that her hours were reduced and that those hours were assumed by younger employees, Hall did not limit her initial pleading to a "true replacement" case only. Furthermore, in her response to RDSL's summary judgment motion, Hall argued that her case was "akin" to cases like *Russo*, where courts have altered the fourth prong of the *McDonnell Douglas* prima facie case to accommodate scenarios when age discrimination might have occurred but when a true replacement has not been hired by the employer because the employer was reducing its workforce for economic reasons. *See All Metals Fabricating, Inc. v. Ramer Concrete, Inc.*, 338 S.W.3d 557, 560 (Tex. App.—El Paso 2009, no pet.) ("However, despite not having alleged a cause of action, Appellant is not barred from raising the issue for the first time in their summary judgment response."); *see also Russo*, 93 S.W.3d at 436 ("[T]he Fifth Circuit has modified the test in cases involving a general reduction in the employer's workforce.").

It should also be noted that even before Hall filed her response to RDSL's summary judgment motion, RDSL filed a supplemental motion specifically attacking the fourth prong of a prima facie, "non-replacement," age-discrimination case. Furthermore, in its briefing, RDSL spends the lion's share of its "Statement of Facts" explaining that RDSL reduced its "employees' hours throughout its restaurants in order to manage labor costs in light of declining sales." We conclude that Hall's pleadings are not so deficient as to foreclose her from arguing a theory of age-discrimination other than a "true replacement, age-discrimination" case. *See Mission Consol.*, 372 S.W.3d at 642 ("[O]ur holding today is simply that a plaintiff who is replaced by an older worker does not receive the inference of discrimination that the prima facie case affords.").

RDSL also argues that this case is simply not a reduction-in-force case and thus Hall cannot rely on an altered prima facie standard for her age-discrimination claim. Citing to numerous cases where a reduction in force occurred on a much larger scale than the evidence reveals in this case, RDSL contends that reduction-in-force cases inherently require more than evidence of the termination of one employee. *See Ptomey v. Tex. Tech Univ.*, 277 S.W.3d 487, 491 n.3 (Tex. App.—Amarillo 2009, pet. denied) ("The reduction of sixty-six [full-time employees] was accomplished by the elimination of a combination of full-time, part-time, and student positions."). We find no cases suggesting that the reduction-in-force prima facie standard cannot apply when the evidence demonstrates that the reduction in force was the reduction in force by one

13

employee. Moreover, Hall presented evidence in her response to RDSL's summary judgment motion that there was a corporate-wide, cost-motivated plan to eliminate Hall's food prep position from all Jack in the Box locations, and that the duties performed by the food prep position were to be distributed to other positions, positions that Hall presented evidence were held by employees much younger than herself. So this case is not as simple as the discharge of one employee.

We conclude that a modified prima facie standard applies to the facts as they are alleged in this case. *See Russo*, 93 S.W.3d at 436. In such cases, the fourth prong of the prima facie case is altered to require the plaintiff to produce "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Id.*

Here, Hall presented evidence that her hours were gradually reduced while younger employees' hours remained the same and that eventually RDSL discharged her from her position while retaining younger employees. Hall further presented evidence that she was not the only member of the protected class who met this fate. In addition, Hall presented evidence that younger employees were trained to move into positions that assumed the duties of the food prep position— a position that Hall presented evidence was being phased out of RDSL's corporate structure. Hall further presented evidence that unlike her younger counterparts, she was not trained for this new position. This evidence is the type

14

of circumstantial evidence from which a factfinder might reasonably conclude that RDSL intended to discriminate against Hall because of her age in reaching its decision to end her employment. Given that meeting her prima facie case was not an "onerous" burden we hold that Hall established the fourth element of her prima facie, age-discrimination case. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1211 (9th Cir. 2008) ("To support an inference of discrimination[,] an employee need not demonstrate that one particular individual was designated as his replacement; evidence that a group of younger and comparably or less-qualified employees assumed the plaintiff's responsibilities is sufficient.").

RDSL makes a tepid argument in its brief that it "raised" the issue of pretext in its supplemental motion for summary judgment. It did no such thing. RDSL's supplemental motion for summary judgment specifically states that it is addressing Hall's "initial burden." And even though RDSL states in its supplemental motion that Hall had "no evidence demonstrating her age was a motivating factor in the reduction of [her] hours or her alleged termination," there is simply no language in the motion that can be construed to satisfy RDSL's burden "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Burdine*, 450 U.S. at 253, 101 S. Ct. at 1093. In short, RDSL did not attempt to meet its burden of demonstrating a legitimate, nondiscriminatory purpose for its alleged employment action; thus, the burden never shifted back to Hall to provide evidence why that purpose was merely a

15

pretext to age-discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802–03, 93 S. Ct. at 1824.

By establishing the fourth element of her prima facie case, Hall presented more than a scintilla of probative evidence that raised a genuine issue of material fact; thus, summary judgment based on RDSL's no-evidence motion was improper given that RDSL's no-evidence motion specifically targeted only the fourth prong of Hall's prima facie case. *See Mann Frankfort*, 289 S.W.3d at 848. Furthermore, by Hall having established her prima facie case, RDSL failed to establish that it met its traditional summary judgment burden by establishing that no genuine issue of material fact existed regarding Hall's prima facie case or that it was entitled to judgment as a matter of law. *See Hamilton*, 249 S.W.3d at 426. Thus, the trial court erred by granting RDSL's motion for summary judgment. We sustain Hall's sole issue.

## IV. Conclusion

Having sustained Hall's sole issue on appeal, we reverse the trial court's judgment granting RDSL's motion for summary judgment and remand this case back to the trial court for proceedings consistent with this opinion.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  February 20, 2014

16