

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00316-CV

OFFICE OF THE ATTORNEY GENERAL                      APPELLANT

V.

CHRISTOPHER BRIAN SCOTT                           APPELLEE

----------

## FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 360-553178-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant Office of the Attorney General appeals the trial court's judgment dismissing appellant's petition for bill of review. In one issue, appellant contends that the trial court erred by granting appellee Christopher Brian Scott's no-

---

[1]*See* Tex. R. App. P. 47.4.

evidence motion for summary judgment. We reverse the judgment and remand this case to the trial court.

## Background Facts[2]

In 2006, appellant filed a lawsuit against appellee and another party concerning child support obligations. In April 2008, the trial court included that suit on a list of cases that would be dismissed for want of prosecution "unless there [was] good cause for the case to be maintained on the docket." The April 2008 notice stated that each case on the list would be dismissed unless a party filed a motion to retain its suit prior to the dismissal date, which was May 21, 2008.

On May 21, 2008, the trial court, in one order, dismissed several cases, including appellant's case. The May 2008 dismissal order stated, "After due notice as required by the rules of civil procedure as amended, it is the order and decree of the court that [the] following causes of action be dismissed for want of prosecution . . . ." Neither the April 2008 notice nor the May 2008 order listed appellant as a named party to the suit being dismissed; instead, those documents referred to appellee and the other party who were respondents to appellant's original suit.

---

[2]The facts recited in this section include uncontroverted procedural allegations made by appellant in the trial court and on appeal. We note that appellee has not filed a brief in this appeal.

In March 2014, appellant filed a petition for bill of review.[3] Appellant alleged that it had never received notice of the trial court's intent to dismiss the prior action for want of prosecution, therefore violating its right to due process.[4] Appellant also alleged that it did not receive notice of the trial court's May 2008 dismissal order until May 2013, which was long after appellant could file a motion to reinstate or a motion for new trial. In summary, appellant contended that it "had no notice of the Court's intent to dismiss for want of prosecution . . . or the Order of Dismissal within an adequate time to pursue alternative legal remedies, and . . . the lack of notice was not because of its own fault or negligence." As relief, appellant asked the trial court to grant the bill of review and set aside the May 2008 order. The second respondent to the original suit filed a letter in June 2014 to inform the court that she had no objection to appellant's petition for bill of review.

---

[3]A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *See Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (describing the elements that a bill-of-review plaintiff must plead and prove). We do not intend to opine about whether appellant will ultimately be entitled to relief on its petition for bill of review; we conclude below only that the trial court erred by granting appellee's motion for summary judgment and by dismissing appellant's petition on that basis.

[4]*See* Tex. R. Civ. P. 165a ("Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record . . . by posting same in the United States Postal Service.").

Appellee answered appellant's petition by pleading a general denial, several specific denials, and affirmative defenses. Appellee also filed a no-evidence motion for summary judgment. In the motion, appellee solely asserted,

1. There is no evidence of one or more of the following elements of lack of notice of the dismissal setting . . . on which [appellant] has the burden of proof at trial.

a. That the [appellant] did not receive notice of the dismissal setting.

2. [Appellee] claims [appellant] cannot produce evidence of lack of notice of the dismissal setting.

Appellant responded to appellee's motion by contending that it could prove that it did not receive the April 2008 dismissal notice. To its response, appellant attached affidavits by two of its employees, Cheryl Lewis and Lydia Leal.[5] Lewis's affidavit stated in part,

I am a Child Support Officer - Financial Specialist with the Office of the Attorney General of Texas, Child Support Division. I am a custodian of records for the Child Support Division of the Office of the Attorney General of Texas . . . .

. . . .

I have reviewed the business records of the Office of the Attorney General for [the original suit filed by appellant]. They were kept in the regular course of the business of the Office of the Attorney General, and it was in the regular course of business of the Office of the Attorney General for an employee or representative of the Office of the Attorney General, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to

---

[5]Appellant also attached an affidavit from an assistant attorney general, who stated that he had asked the district clerk to provide an affidavit about what occurred in 2008 but that the district clerk had declined to do so.

4

transmit information thereof to be included in such record . . . at or near the time or reasonably soon thereafter.

I am familiar with the Office of the Attorney General's procedures and processes regarding notices from courts of intent to dismiss for want of prosecution in 2008. The process of handling such notices would have been to record the receipt of the notice on the computer system, note the date of dismissal, and route the notice to an Assistant Attorney General.

I can find no indication that the Office of the Attorney General ever received notice from the clerk of this Court of the intent to dismiss this case for want of prosecution, on or about April 2, 2008. I can find no indication that the Office of the Attorney General ever received notice from the clerk of this Court of the dismissal of this case for want of prosecution, on or about May 27, 2008.

. . . .

I am familiar with the discovery by the Office of the Attorney General of the dismissal of this case for want of prosecution. On or about May 6, 2013, I met with [appellee]. At that time he advised me that the case had been dismissed for want of prosecution in 2008.

Similarly, Leal's affidavit explained,

I am a Child Support Officer with the Office of the Attorney General of Texas, Child Support Division. I am a custodian of records for the Child Support Division of the Office of the Attorney General of Texas . . . .

. . . .

I have reviewed the business records of the Office of the Attorney General for [the original suit]. . . . I can find no record of the Office of the Attorney General **ever** [receiving] notice from the clerk of this Court of the intent to dismiss this case for want of prosecution, either before or after April 2, 2008. I can find no record of the Office of the Attorney General **ever** [receiving] notice from the clerk of this Court of the dismissal of this case for want of prosecution, either before or after May 27, 2008.

In April and May of 2008, I was assigned to the Legal Support function of the Northeast Tarrant County office (Office 906) of the

5

Office of the Attorney General's Child Support Division. As such, I was responsible for processing notices from courts of intent to dismiss for want of prosecution at that time, and notices of dismissal for want of prosecution. The process of handling such notices would have been to record the receipt of the notice on the computer system under the case, note the date of dismissal, and route the notice to an Assistant Attorney General.

I do not recall **ever** seeing any notice from the clerk of this Court of the intent to dismiss this case for want of prosecution . . . on or about April 2, 2008. I do not recall **ever** seeing any notice from the clerk of this Court of the dismissal of this case for want of prosecution . . . on or about May 27, 2008.

Appellee did not file a reply in the trial court to address whether the affidavits that appellant filed were sufficient to survive the motion for summary judgment. The trial court granted appellee's motion for summary judgment and dismissed appellant's petition for bill of review. Appellant brought this appeal.

**Propriety of Summary Judgment**

Appellant contends that the trial court erred by granting appellee's no-evidence motion for summary judgment. After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

Appellant contends that its employees' affidavits raise at least a genuine issue of material fact on the sole issue raised by appellee's motion for summary judgment: whether in April 2008, appellant received notice of the trial court's intent to dismiss the original suit. Examining the affidavits in the light most favorable to appellant's position, we agree. *See Sudan*, 199 S.W.3d at 292.

The affidavits, taken together, produce more than a scintilla of evidence that appellant did not receive the April 2008 notice because they state that

7

appellant keeps records related to such notices in the regular course of business, that appellant has a process of documenting and archiving receipt of such notices, that the receipt of a notice in April 2008 related to the prior case was not archived, and that the employee responsible for receiving and processing such notices does not remember receiving and processing the notice related to this case. We conclude that under the circumstances of this case, the negative evidence about what appellant does not have archived and about what its employee does not remember produces a positive inference, sufficient to survive a no-evidence motion for summary judgment, that appellant did not receive the notice. *Cf. Hampton v. State*, 109 S.W.3d 437, 441 n.3 (Tex. Crim. App. 2003) (stating that the absence of a record may be evidence when someone would expect to find the record within a repository if it existed); *Sudduth v. Commonwealth Cnty. Mut. Ins. Co.*, 454 S.W.2d 196, 197–98 (Tex. 1970) (holding that a plaintiff's testimony that she did not receive a letter created a genuine issue of material fact, sufficient to defeat a motion for summary judgment, that the defendant did not send the letter); *Guerra v. Wal-Mart Stores, Inc.*, 943 S.W.2d 56, 60 (Tex. App.—San Antonio 1997, writ denied) (concluding that a jury could infer that no accident occurred in a store from evidence that the store maintained records concerning accidents and that the store could not locate a record of the plaintiff's alleged accident); *Gross v. State*, 624 S.W.2d 287, 289 (Tex. App.—Fort Worth 1981, pet. ref'd) (holding that in a criminal case in which a defendant was charged with unlawfully practicing dentistry, a list of

8

licensed dentists that did not contain the defendant's name was sufficient evidence to show that the defendant was not licensed).

Considering the entire record in the light most favorable to appellant and indulging every reasonable inference against appellee's no-evidence motion for summary judgment, we hold that the evidence is sufficient to raise a genuine issue of material fact concerning whether appellant received notice in 2008 of the trial court's intent to dismiss the prior case for want of prosecution. *See Sudan*, 199 S.W.3d at 292. Thus, we conclude that the trial court erred by granting appellee's no-evidence motion for summary judgment, and we sustain appellant's only issue. *See Smith*, 288 S.W.3d at 424; *Sudan*, 199 S.W.3d at 292; *see also Hall v. RDSL Enters. LLC*, 426 S.W.3d 294, 304 (Tex. App.—Fort Worth 2014, pet. denied) (reversing a summary judgment when the nonmovant presented "more than a scintilla of probative evidence that raised a genuine issue of material fact").

## Conclusion

Having sustained appellant's only issue, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED: July 2, 2015

9