United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30938
_____

ST. GEORGE CREAGHE,

Plaintiff-Appellant,

versus

ALBEMARLE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-803

_____

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant St. George Creaghe was employed by Appellee Albemarle Corporation and its predecessor-in-interest for nearly thirty years before being dismissed in 1996. Creaghe, who was seventy-two at the time of his dismissal, alleged that his firing was motivated by his age and filed suit in district court, raising claims of discrimination under the Age Discrimination in Employment

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act ("ADEA").[1]  The district court concluded that Creaghe failed to make out a prima facie case of discrimination and granted summary judgment in favor of Albemarle Corporation.  Creaghe now appeals, urging that he produced evidence that his discharge was motivated by discriminatory animus and that the non-discriminatory reasons offered by Albemarle are pretextual.  For the following reasons, we AFFIRM the district court's decision.

I

Before addressing Creaghe's ADEA claims, we must first assess whether we have jurisdiction over this appeal.  Creaghe filed his notice of appeal on September 29, 2003.  Albemarle contends that this notice was untimely because the district court's February 28, 2001, "Ruling on Motion for Summary Judgment" was a final judgment that dismissed Creaghe's suit.  In response, Creaghe argues that the time for filing his appeal did not commence until the court issued its "Judgment" on September 22, 2003.  He insists that the February 2001 order was not a final judgment because it did not comply with the requirements of Rule 58 of the Federal Rules of Civil Procedure and because it did not, by its terms, dismiss the case.

Rule 58 requires that every judgment be (1) set forth on a separate document and (2) entered on the district court's civil docket sheet.  "The sole purpose of Rule 58's separate-document requirement was to clarify when the time for an appeal begins to

---

[1] 29 U.S.C. § 621 *et seq.*

run."[2]  Thus, it must be "mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered."[3] However, the separate document requirement "should be read, where reasonably possible, to protect the right to appeal."[4]  "It must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced. . . ."[5]  Thus, "[t]he rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss."[6]

Contrary to Creaghe's assertions, the district court's February 2001 order appears to satisfy Rule 58's separate document requirements.  To be "separate," a judgment must be apart from any document detailing either the court's factual findings or the legal basis of the court's ruling; it may not be part of a memorandum or opinion.[7]  The order in this case fully complies with this

---

[2] *Ludgood v. Apex Marine Corp. Ship Management*, 311 F.3d 364, 368 (5th Cir. 2002) (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978)).

[3] *United States v. Indrelunas*, 411 U.S. 216, 222 (1973).

[4] *Seiscom Delta, Inc. v. Two Westlake Park*, 857 F.2d 279, 282 (5th Cir. 1988).

[5] *Seiscom*, 857 F.2d at 283 (internal citations omitted).

[6] *Id.*

[7] *See, e.g., Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833 (5th Cir. 1992) ("Until set forth on a separate document in compliance with Rule 58, a statement tacked on at the end of an opinion is not a judgment."); *see also* Notes of Advisory Committee on Rules, 1963 Amendment to FED. R. CIV. P. 58 ("The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document--distinct from any opinion or memorandum--which provides the basis for the entry of

directive: it contained no discussion of the reasoning behind the court's decision, did not mention the facts of the case, did not discuss the parties' contentions, and cited no legal authority. Indeed, it contained only four sentences, the final and most prominent of which clearly stated that "IT IS ORDERED that the Motion for Summary Judgment filed on behalf of defendant Albemarle Corporation is hereby GRANTED, and this action will be dismissed." To be sure, the order did include some other basic information -- specifically, a brief introductory statement identifying the matter before the court and a sentence defining the court's jurisdiction. However, the inclusion of this bare information alone does not transform the order into a memorandum or opinion.[8]  Nor does the fact that the order was called a "Ruling" rather than a "Judgment" affect its status under Rule 58.[9]

---

judgment.").

[8] *See, e.g., Nunez-Soto v. Alvarado*, 956 F.2d 1 (1st Cir. 1992) (holding that an order was a "separate document" despite the inclusion of a single explanatory sentence); *Hamilton v. Nakai*, 453 F.2d 152 (9th Cir. 1971) (holding that an order, designated as such, was a "separate document" even though it included a one-sentence explanation);  *cf. Taylor v. Sterrett*, 527 F.2d 856 (5th Cir. 1976) (holding that an order which included the court's opinions, findings, and conclusions was not a "separate document"); *Hughes v. Halifax County Sch. Bd.*, 823 F.2d 832 (4th Cir. 1987) (finding that an order which included procedural history, arguments presented, and reasons for disposition was not a separate document).

[9]  *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 528 (5th Cir. 1996) ("[T]he Supreme Court has held that no form of words and no peculiar formal act is necessary to evince the rendition of a judgment" (citations and internal quotations omitted)).

Nonetheless, there are weighty considerations discouraging us from concluding that Creaghe's appeal was untimely. The February Ruling, most notably, clearly stated that the action "will" be dismissed; it did not, by its express terms, dismiss the suit. The order thus contemplated that a separate final judgment would later issue, and Creaghe was justified in relying on the court's clear representation.[10] Moreover, the district court itself stated that it "never intended it's [sic] Ruling of February 28, 2001 to be a final decision. The document is not, nor was it ever intended to be, a judgment."[11]

Although the question is fairly close, we agree -- in light of the ambiguous language in the district court's February 2001 Ruling and our generous approach to Rule 58 issues -- that the time for filing the notice of appeal did not commence until September 22, 2003, the date on which the court issued its Judgment. We interpret Rule 58's requirements to prevent the loss of an appeal whenever reasonable. Even if the February 2001 Ruling might have been sufficient to satisfy Rule 58's requirements, "we are reluctant to hold that because such an order has been entered, the

---

[10]We have stated in the past that "[t]he mere fact that a court reenters a judgment or revises a judgment in an immaterial way does not affect the time within which litigants must pursue an appeal." *Offshore Prod. Contractors Ins. Co. v. Republic Underwriters*, 910 F.2d 224, 229 (5th Cir. 1990). Given the wording of the February order, the later September Judgment cannot fairly be considered a simple "reentry" of judgment.

[11]*Creaghe v. Albemarle Corp.*, No. 97-cv-803 (M. D. La. Feb. 10, 2003) (order granting Creaghe an extension of time to file a notice of appeal).

parties may not appeal from a later separate order which clearly meets the requirements of Rule 58."[12] Accordingly, we acknowledge our jurisdiction and proceed to consider the merits of Creaghe's appeal.

## II

The district court concluded that Creaghe failed to establish a prima facie case of discrimination under the ADEA and granted Albemarle's motion for summary judgment. We review a district court's grant of summary judgment de novo.[13]

"In a reduction-in-force case, a plaintiff makes out a prima facie case by showing (1) that he is within the protected age group; (2) that he has been adversely affected by the employer's decision; (3) that he was qualified to assume another position at the time of the discharge; and (4) 'evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.'"[14] The district court found that Creaghe clearly satisfied the first two elements of this test: he was seventy-two at the time of his firing, and the firing was clearly an "adverse" employment action. However, the court concluded that he failed to offer

---

[12]*Kline v. Department of Health & Human Services*, 927 F.2d 522, 523 (10th Cir. 1991).

[13]*Rogers v. International Marine Terminals*, 87 F.3d 755, 758 (5th Cir. 1996).

[14]*Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Amburgey v. Corhart Refractories Corp., Inc.*, 936 F.2d 805, 812 (5th Cir. 1991)).

anything more than conclusory allegations to support the final two prongs.  We agree.

In an effort to demonstrate that he was qualified for another position at Albemarle, Creaghe states in conclusory terms that he was qualified for the position of Equipment Maintenance Planner at Albemarle "and/or any other similar positions."  At the time of his discharge, however, the Equipment Maintenance Planner position was held by another employee.  When that employee abruptly retired two months after Creaghe's termination, Creaghe did not apply for the position.  Moreover, beyond his conclusory assertion, Creaghe has not demonstrated that he was qualified to be the Equipment Maintenance Planner, a position which clearly required computer skills that Creaghe concedes he lacked.  Creaghe has identified no alternative position for which he was qualified when he was fired.  He thus fails to satisfy the third prong of his prima facie test.

Creaghe has also failed to satisfy the fourth prong because he provides no evidence, direct or circumstantial, indicating a nexus between his discharge and his age.  The only support he provides for his argument is a reference to the Equipment Maintenance Planner position. Creaghe argues that shortly after his firing, Albemarle placed advertisements for this position in local newspapers and eventually hired a much younger man.  He asserts that this position was actually the same as his former position, and that Albemarle's decision to hire a younger man to fulfill the role is evidence of discriminatory intent.

Creaghe's argument is unpersuasive. Creaghe offers no proof that the advertised Equipment Maintenance Planner position was actually his former position, and the summary judgment record clearly indicates otherwise. For example, both positions were in place at Albemarle at the same time, belying any suggestion that Albemarle added the Equipment Maintenance Planner position to replace Creaghe's position. Moreover, Equipment Maintenance Planner required job skills that Creaghe admittedly did not possess, including specialized computer training. The position also included job responsibilities beyond those covered by Creaghe's former position. Creaghe provides nothing more than a conclusory allegation to support his claim that the two positions were the same, but such allegations are insufficient in response to a motion for summary judgment.[15] Creaghe fails to offer any other evidence suggesting a nexus between his termination and his age. Accordingly, Creaghe failed to satisfy the fourth prong of his prima facie case.

Even if we were to assume that Creaghe made a prima facie showing of discrimination, he failed to rebut Albemarle's articulated non-discriminatory explanation for his discharge. Albemarle asserts that following the sale of a sizable portion of its business, it had to reduce its workforce and that Creaghe's position was eliminated as a result. Albemarle also asserts that

---

[15]*Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.").

the incorporation of a specialized computer system eliminated the need for Creaghe's position. Creaghe urges that these reasons are pretextual, but the only argument he offers is yet another reference to the advertisement of the Equipment Maintenance Planner position. He again states that this position was advertised in local newspapers and that this advertisement undermines Albemarle's claim that it needed to reduce its workforce. However, he offers no indication why the advertisement of the Equipment Maintenance Planner position -- a different position with different job requirements -- demonstrates pretext.

## III

Since Creaghe failed either to make out a prima facie case or to rebut Albemarle's non-discriminatory justifications for his discharge, the district court was correct in dismissing his suit.

AFFIRMED.