**Affirm in part; Reverse in part and Remand; Opinion Filed June 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-01479-CV**

**MESQUITE INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**TOMASA MENDOZA, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-09131-F**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Mesquite Independent School District brings this interlocutory appeal of the trial court's denial of its motion for summary judgment asserting the court lacked jurisdiction to hear Tomasa Mendoza's suit for sex and national-origin discrimination under the Texas Commission on Human Rights Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012) (authorizing interlocutory appeal from grant or denial of plea to jurisdiction by governmental unit); *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (interlocutory appeal may be taken from refusal to dismiss for want of jurisdiction when jurisdictional argument is presented in a plea to the jurisdiction or other procedural vehicle including a motion for summary judgment); *see also* TEX. LAB. CODE ANN. § 21.051 (West 2006) (prohibiting discrimination by employers). The District brings two issues on appeal asserting the trial court erred by denying its motion for summary judgment. We reverse the trial court's denial of the

District's motion for summary judgment on Mendoza's claim of sex discrimination, we affirm the trial court's denial of summary judgment on Mendoza's claim of national-origin discrimination, and we remand the cause for further proceedings.

**BACKGROUND**

During the 2010 spring semester, a custodian at one of the District's schools started a fire by placing a mop head in a school dryer. The District then set up a system for dirty mop heads to be collected and taken to another location to be safely cleaned. The District sent a memo to the schools informing them of the new policy and directing them to instruct their custodians accordingly.

Mendoza moved to the United States from Mexico. In 2010, Mendoza was an employee of the District and worked as a custodian at McDonald Middle School. On November 9, 2010, Mendoza noticed several dirty and smelly mop heads at the school. She washed the mop heads and put them in a dryer. The mop heads caught fire in the dryer. When confronted about the fire, Mendoza admitted she had put the mop heads in the dryer. The District then terminated her.

The mop heads needed cleaning because Carlos Gudiel, the District employee responsible for collecting them and delivering them to the cleaning facility, had not done so. Gudiel received a written reprimand for failing to collect the mop heads, but he was not terminated.

Mendoza filed suit against the District on July 25, 2011, alleging the District violated the Texas Commission on Human Rights Act by discriminating against her on the basis of her sex and national origin by terminating her. *See* TEX. LAB. CODE ANN. § 21.051(1) (West 2006). The District moved for summary judgment, asserting governmental immunity from suit. The District argued it had not waived its immunity from suit because Mendoza could not establish a prima-facie case of sex and national-origin discrimination as she was replaced by a Hispanic

woman. The trial court denied the District's motion for summary judgment on sex and national-origin discrimination.[1]

## STANDARD OF REVIEW

The District's two issues assert the trial court erred by denying the District's motion for summary judgment. Our jurisdiction over this appeal, however, is limited to reviewing the motion for summary judgment as a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda,* 133 S.W.3d at 226. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Miranda,* 133 S.W.3d at 227. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be resolved by the fact finder. *Id.* at 227–28. If the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## IMMUNITY FROM SUIT

Governmental entities are immune from suit unless the government has clearly and unambiguously waived its immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 311.034 (West Supp. 2012); *Miranda,* 133 S.W.3d at 224. The government waives its immunity from suit under

---

[1] Mendoza also contended the District retaliated against her for reporting claims of age and sex discrimination while an employee of the District. The trial court granted the District's motion for summary judgment on the retaliation claim. The order granting that part of the motion for summary judgment is not before us in this interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice & Remedies Code.

the Texas Commission on Human Rights Act when a plaintiff states a claim for conduct that would violate the Act. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 637 (Tex. 2012).

Section 21.051 of the Act provides that an employer commits an unlawful employment practice if the employer refuses to hire, discharges, or otherwise discriminates against an employee in connection with compensation or the terms, conditions, or privileges of employment because of the employee's race, color, disability, religion, sex, national origin, or age. LAB. § 21.051. There are two alternative methods by which a plaintiff may establish a discriminatory treatment case. The first is by proving discrimination through direct evidence of what the defendant did and said. *Garcia*, 372 S.W.3d at 634. However, because direct evidence of discriminatory motive is usually hard to come by, the courts created a second method, the burden-shifting mechanism of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Garcia*, 372 S.W.3d at 634. Under this approach, discrimination is presumed if the plaintiff meets an initial burden of establishing a prima-facie case of discrimination.[2] *Id.* A plaintiff proceeding under the *McDonnell Douglas* approach must meet the requirement of the prima-facie case for the trial court to have jurisdiction. *Id.* at 637. The failure to present the elements of a prima-facie case means the trial court has no jurisdiction and the claim must be dismissed. *Id.*

Although a plaintiff must plead facts making up a prima-facie case, the defendant may present evidence negating those facts. If the defendant does so, the plaintiff must then present evidence in support of the facts. *Id.* To establish a prima-facie case of employment

---

[2] Under the *McDonnell Douglas* burden-shifting approach, once jurisdiction is established through the plaintiff presenting a prima-facie case, the burden shifts to the defendant, who may rebut the presumption of discrimination by presenting evidence of a legitimate, nondiscriminatory reason for the employment action. *McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to prove the defendant's reason was a pretext for a discriminatory decision. *Id.* at 804. Because our review in this interlocutory appeal is limited to a determination of the trial court's subject-matter jurisdiction, we do not consider any matters beyond whether Mendoza presented a prima-facie case of discrimination.

discrimination, the plaintiff must show (1) she was a member of a protected class, (2) she was qualified for her employment position, (3) she was subjected to an adverse employment decision, and (4) she was replaced by someone outside of the protected class, or she was treated less favorably than similarly situated members of the opposite class. *Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 654 (Tex. App.—Dallas 2012, no pet.); *Michael v. City of Dallas*, 314 S.W.3d 687, 690–91 (Tex. App.—Dallas 2010, no pet.).

In this case, Mendoza maintains she established jurisdiction by presenting a prima-facie case of employment discrimination. The District asserts Mendoza failed to meet the fourth requirement, that she was replaced by someone outside the protected class or that she was treated less favorably than similarly situated members of the opposite class.

## SEX DISCRIMINATION

In its first issue, the District contends the trial court should have determined it lacked jurisdiction over Mendoza's claim of sex discrimination and dismissed the claim. The District asserts Mendoza cannot meet the fourth element of a prima-facie case because she was replaced by a woman and Mendoza was not treated less favorably than similarly situated men.

It is undisputed that Mendoza was replaced by a woman, either Nora Castellanos or Tammy Burleson. However, Mendoza contends she received disparate treatment in that a similarly situated male employee, Gudiel, violated the policy regarding offsite cleaning of mop heads—he failed to pick up the mop heads to deliver them to the cleaning location—but was not terminated. The Texas Supreme Court has discussed the circumstances necessary for employees to be similarly situated:

> Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct. To prove discrimination based on disparate discipline, the disciplined and undisciplined employees' misconduct must be of "comparable seriousness." Although "precise equivalence in culpability between employees is not the ultimate question," the Fifth Circuit has held that to prove discrimination based on disparate discipline,

–5–

the plaintiff must usually show "that the misconduct for which [he] was discharged was nearly identical to that engaged in by a [female] employee whom [the company] retained."

*Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917–18 (Tex. 2005) (citations and footnotes omitted) (quoting *McDonnell Douglas*, 411 U.S. at 804; *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n.11 (1976); *Smith v. Wal-Mart Stores, Inc.*, 891 F.2d 1177, 1180 (5th Cir. 1990)).

The District argues that Mendoza and Gudiel are not similarly situated because they worked at different locations, had different supervisors, different job duties, and different misconduct. Mendoza was a custodian at McDonald Middle School, her supervisor was Kelly Long, her job duties were to clean the school, and she was terminated for starting a fire by placing mop heads in the dryer. Gudiel was a driver at the District's L.A. Berry Support Complex, his supervisor was Larry Brown, his job duties were to drive to the District's campuses delivering cleaned cleaning tools and furniture and collecting dirty cleaning tools, and he was reprimanded for not collecting the dirty mop heads from McDonald Middle School. Because of the many differences in their positions and conduct, we conclude that Mendoza and Gudiel were not similarly situated employees.

Because the evidence conclusively established that Mendoza was replaced by a woman and she was not treated differently from any similarly situated male employee, we conclude Mendoza has not established a prima-facie case of sex discrimination. Accordingly, the District did not waive its immunity to suit, and the trial court erred by denying the District's motion for summary judgment asserting lack of jurisdiction over this claim. We sustain the District's first issue.

**NATIONAL-ORIGIN DISCRIMINATION**

In its second issue, the District contends the trial court should have determined it lacked jurisdiction over Mendoza's claim of national-origin discrimination and dismissed the claim. The District asserts Mendoza could not present a prima-facie case of discrimination because her duties were assumed by another Hispanic, Nora Castellanos.[3]

The District attached as evidence to its motion for summary judgment Mendoza's deposition, where she testified she was told that the District moved a night-shift custodian, Castellanos, to her day-shift position. The District then hired a new custodian, Tammy Burleson, who filled the night-shift custodian position. Mendoza's response to the District's motion for summary judgment attached as evidence an internal e-mail and other documents from the District stating Burleson replaced Mendoza and that Burleson's ethnicity was "white." The District's documents raise a genuine issue of material fact as to whether Mendoza was replaced by someone outside of the protected class.

Because the District failed to conclusively prove the jurisdictional fact that Mendoza was replaced by a Hispanic employee, the District has not established the trial court lacked jurisdiction over Mendoza's claim of national-origin discrimination. We conclude the trial court did not err by denying the District's motion for summary judgment on that claim. We overrule the District's second issue.

---

[3] The parties treat Mendoza's claim of national-origin discrimination as one for racial discrimination. Neither side complains about the apparent misnomer of the claim. *See Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 702–03 (Tex. App.—Austin 2012 pet. denied) (discussing the overlapping nature of national-origin and racial discrimination claims when employee asserts discrimination because he is Hispanic). Mendoza's claim of discrimination from being replaced by Burleson appears to be one of racial discrimination because Mendoza supported her assertion with evidence that Burleson was white but presented no evidence of Burleson's national origin.

**CONCLUSION**

We reverse the trial court's order denying the motion for summary judgment as to Mendoza's claim of sex discrimination, and we dismiss the claim for want of jurisdiction. We affirm the trial court's order denying the motion for summary judgment as to Mendoza's claim of national-origin discrimination. We remand the cause to the trial court for further proceedings.


/Lana Myers/
LANA MYERS
JUSTICE


121479F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Mesquite Independent School District,
Appellant

No. 05-12-01479-CV      V.

Tomasa Mendoza, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-09131-F.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the order of the trial court denying appellant Mesquite Independent School District's motion for summary judgment is **REVERSED** as to appellee Tomasa Mendoza's claim of sex discrimination, and judgment is **RENDERED** that appellee Tomasa Mendoza's claim of sex discrimination is **DISMISSED** for want of jurisdiction; the trial court's order is **AFFIRMED** as to appellee Tomasa Mendoza's claim of national-origin discrimination. We **REMAND** the cause to the trial court for further proceedings. It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 3rd day of June, 2013.

/Lana Myers/
LANA MYERS
JUSTICE