# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2015

Lyle W. Cayce
Clerk

MELISSA G. DURHAM,

      Plaintiff - Appellant

v.

ASCENSION PARISH SCHOOL BOARD,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-445

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Melissa Durham, proceeding pro se, appeals the district court's dismissal of her claims for age and disability discrimination, and her laundry list of additional federal and state violations. We affirm.

    Durham was employed as a science teacher at Gonzalez Middle School. After approximately six months of teaching, the school principal recommended

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30491

firing Durham because of unsatisfactory teaching performance, an inability to properly manage her classroom, and repeated disregard for school policies. The Ascension Parish School Board ("APSB") superintendent agreed and terminated Durham's employment. Durham filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), asserting that APSB discriminated against her because of her age and "mental disability," and failed to reasonably accommodate her with respect to "extremely disruptive and violent students." The EEOC gave Durham notice of a right to sue.

Durham filed suit. The entirety of her complaint consists of the following statement: "APSB subjected me to unfair discipline and harassment and neglected to provide accomedations [sic] for such. Injured on the job during a fight and received a write up and reprimand for students behavior." The district court construed Durham's claims as arising under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). In a subsequent filing, which the court treated as an amended complaint, Durham reiterated her ADAA claim and recited a bullet point list of additional violations.[1] APSB filed a motion to dismiss, which the district court granted. Durham timely appealed.

We review a district court's grant of a motion to dismiss *de novo*. *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] The district court read Durham's amended complaint to list violations of the First Amendment, the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002, the Fair Labor Standards Act, the Family Medical Leave Act, and Louisiana's Teacher Rights.

No. 15-30491

544, 570 (2007)). Pro se plaintiffs are held to less stringent standards than lawyers, but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

Durham asserts that she was discriminated against on account of her age in violation of the ADEA, but she fails to provide facts that support her claim. She does not allege that she was qualified for the position, that she was terminated as a result of her age, or that she was replaced by someone younger—factual allegations that are necessary to establish a prima facie discrimination case. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) (explaining that ADEA claims require a showing that, inter alia, the plaintiff was "replaced by someone younger, or [] otherwise discharged because of [her] age" (citation omitted)). Durham's assertion of discrimination is a legal conclusion that is insufficient to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678–79.

Durham's ADAAA claim similarly fails. To make an ADAAA failure-to-accommodate claim, Durham must allege facts demonstrating that she is a "qualified individual with a disability," that her disability and its limitations were known to her employer, and that her employer failed to accommodate her limitations. *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013). In her EEOC filing, Durham states that APSB "was fully aware of [her] mental disability and continued to put unnecessary requirements on [her]," and that APSB denied her requests for reasonable accommodations to assist with disruptive students. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d

3

757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (internal quotation marks and citation omitted)). But Durham's allegations are wholly conclusory, and amount to purely legal conclusions. She neglects to offer facts that set forth the requisite prima facie case.

In her amended complaint, Durham merely lists additional federal and state laws that she believes APSB violated. She offers, however, neither factual support nor any explanation for these purported violations. Such bald assertions "devoid of further factual enhancement" are entirely insufficient to withstand dismissal. *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Finally, Durham maintains that the district court improperly denied her an opportunity to amend her complaint before dismissing her suit with prejudice. We review this contention under the abuse of discretion standard. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Durham's argument is without merit. Durham filed both a complaint and an amended complaint, along with two response briefs opposing APSB's motion to dismiss. The district court provided her numerous opportunities to remedy the deficiencies of her pleadings, and liberally construed her pleadings and attached exhibits. Moreover, on appeal, Durham fails to identify previously pled factual allegations that would establish a prima facie case on any of her claims. Neither we nor the district court can excuse the dearth of factual allegations and Durham's failure to raise her right to relief "above the speculative level." *Twombly*, 550 U.S. at 555. The district court properly dismissed her complaint, and we AFFIRM.