

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00343-CV

---

CITY OF GRANBURY                                                APPELLANT

V.

CHRISTINE WILLSEY                                                APPELLEE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. C2017090

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant the City of Granbury perfected this interlocutory appeal from the trial court's order denying the City's plea to the jurisdiction, which was heard before discovery was conducted. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017). In two issues, the City argues that the trial

---

[1]*See* Tex. R. App. P. 47.4.

court lacked subject-matter jurisdiction over Appellee Christine Willsey's claims for age discrimination, gender discrimination, and retaliation. For the reasons set forth below, we will affirm in part and reverse and remand in part to allow Willsey the opportunity to conduct discovery and to replead her claims.

## II. BACKGROUND

Willsey worked for the City for over seventeen years, including nine years as a police officer and almost nine years as a public works inspector. In June 2016, the City notified Willsey that it was eliminating her position as a public works inspector. The following month, the City demoted Willsey to the position of permit clerk and began training her for that position. On or about August 23, 2016, a representative of the City asked Willsey how much time remained until she would be fully vested and eligible for retirement benefits; Willsey responded that she needed only eighteen months to be fully vested. Three days later, the City fired Willsey, who was forty-eight years old.

Willsey thereafter timely filed a charge of discrimination jointly with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division. Willsey received notice of her right to sue and timely filed suit against the City.

In her original petition, Willsey alleged that the City discriminated against her by eliminating her position as a public works inspector, by demoting her to a permit clerk, by not allowing her to transfer from the permit clerk position, by not

2

giving her a chance to succeed in the permit clerk position, and by terminating her. Willsey's petition pleaded the following claims against the City:[2]

## AGE & GENDER

19. Plaintiff hereby incorporates all the preceding paragraphs [which set forth the facts summarized above] as if set out in full.

20. Defendant's actions and omissions constitute age discrimination and sex discrimination in violation of Texas Labor Code §[]21.051 et seq.

21. Plaintiff resisted and reported Defendant's discriminatory actions and ultimately filed a charge of discrimination with the EEOC.

22. Defendant took these actions against Plaintiff because of her age and/or gender.

## RETALIATION

23. Plaintiff hereby incorporates all the preceding paragraphs as if set out in full.

24. Defendant's actions and omissions constitute retaliation discrimination in violation of Texas Labor Code §[]21.055 et seq.

The City filed a combined answer and plea to the jurisdiction and included special exceptions to Willsey's petition. The City's plea to the jurisdiction challenged the sufficiency of Willsey's pleadings. The City argued that Willsey "attempts to allege that the City discriminated against her on the basis of age and gender[,] but she does not properly allege and she cannot allege or prove either of the two alternative methods of proof in discriminatory treatment cases." The

---

[2]Because the City challenges the sufficiency of Willsey's pleadings, we set forth her claims exactly as they appear in her original petition.

City further argued in its plea to the jurisdiction that Willsey had not alleged a prima facie case against the City for age discrimination, gender discrimination, or retaliation. The City attached the affidavit of Steven Roberts, the City's Director of Human Resources, who averred as follows:

> I was employed as the Director of Human Resources when Christine Willsey was terminated[,] and I am aware of the efforts that the City took to reorganize after Ms. Willsey left the employ of the City. Ms. Willsey's job functions were unique and tailored to Ms. Willsey's training and licensure. At the time she was terminated, Ms. Willsey was performing inspection work for public works projects, performing duties as a permit clerk, and performing pest control measures as she was licensed to do. Upon her termination, all of her duties were absorbed by people already employed by the City. Specifically, City employees Jim Cook and Eric Swaim now perform public works inspections, Donna Irwin was transferred from a different City department to perform the permit clerk functions, and Aaron Heathington and Heather Walls are now qualified to perform and do perform the pest control functions. No one person was hired to fill Ms. Willsey's exact position, but rather the functions that Ms. Willsey handled are being handled by other City employees.

Roberts further averred that the employees who assumed Willsey's duties were the following ages: Cook was 70, Swaim was 42, Irwin was 46, Heathington was 34, and Walls was 29. Roberts stated that both Irwin and Walls are the same gender as Willsey.

Willsey filed a response to the City's plea to the jurisdiction and attached various documents, including the charge of discrimination that she had filed with the EEOC and her declaration in support of her response. Willsey's response provided additional facts, including the following:

> 7. There were approximately five (5) inspectors working for Defendant in May 2016. Plaintiff was the only female inspector.

4

Therefore[,] on or about June 24, 2016, Defendant chose the only female to be forced to take a demotion to a Permit Clerk position, which is a secretarial type position. In addition to Plaintiff, Defendant eliminated an inspector position of a male employee (John Grindstaff)[,] who is believed to be approximately 72 years old. Therefore[,] Defendant eliminated the positions of the only female inspector and two older inspectors. This did not affect the other younger male inspectors.

. . . .

23. After listing numerous specific harms leading up to and including her termination, Plaintiff asserts in the sworn Charge the following:

> DISCRIMINATION STATEMENT:
> I believe that I was discriminated against because of my age, 48, for taking FMLA time, and because of my gender, female, and retaliated against for opposing a discriminatory act, in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the FMLA, and the Texas Labor Code, Chapter 21.

. . . .

[26.]g. With regard to Plaintiff's [r]etaliation claim, Defendant continued pursuing Plaintiff after her termination [by] making up false accusations against her and [by] seeking criminal charges against her when the City claimed Plaintiff had stolen records. This[,] along with other possible actions by Defendant to interfere with Plaintiff's employment prospects[,] may be the basis of a retaliation action. [Citation omitted.]

In the addendum to the charge of discrimination that Willsey filed with the EEOC,

she stated:

7. On or about August 23, 2016, I asked Steve Roberts (HR Director) what other jobs were available in the City. He said there were only two openings, one was a Water Treatment job[,] but he said I was not qualified. I informed Mr. Roberts that I was qualified. He then told me that I could apply for that job[,] but since I was on probation[,] he would have to talk to the City Manager about it.

5

The trial court heard the City's plea to the jurisdiction before the parties conducted discovery. After hearing argument, the trial court denied the City's plea to the jurisdiction without specifying its reasoning. The City then perfected this interlocutory appeal.

### III. STANDARD OF REVIEW AND THE LAW ON IMMUNITY FROM SUIT AND PROVING DISCRIMINATION

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). A plea to the jurisdiction may be utilized to challenge whether the plaintiff has met its burden of alleging jurisdictional facts or to challenge the existence of jurisdictional facts. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). We review de novo a trial court's ruling on a plea to the jurisdiction. *Id.* at 228.

A claim of governmental immunity from suit or liability is properly asserted in a plea to the jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–36 (Tex. 2012). A governmental unit is immune from both suit and liability unless it waives immunity. *See* Tex. Gov't Code Ann. § 311.034 (West 2013); *Tex. Dep't of Transp. v. Garza*, 70 S.W.3d 802, 806 (Tex. 2002). In considering whether a governmental unit has waived sovereign immunity, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *See Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

6

The Texas Commission on Human Rights Act (TCHRA) waives governmental immunity but only in those instances in which "the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder." *Garcia*, 372 S.W.3d at 636. Absent a pleading stating a claim under the TCHRA, the governmental entity's immunity from suit has not been waived. *Id.* at 637.

Section 21.051 of the TCHRA provides that an employer commits an unlawful employment practice if it fails or refuses to hire, discharges, or otherwise discriminates in any manner against an employee in connection with compensation or the terms, conditions, or privileges of employment because of the employee's race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.051(1) (West 2015). A TCHRA plaintiff can prove discrimination by either direct or circumstantial evidence. *Garcia*, 372 S.W.3d at 634. "The first method, rather straightforward, involves proving discriminatory intent via direct evidence of what the defendant did and said." *Id.* But because direct evidence of discrimination is often "hard to come by," the plaintiff can also rely on circumstantial evidence using "the burden-shifting mechanism of *McDonnell Douglas*." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973)). "Under this framework, the plaintiff is entitled to a presumption of discrimination if she meets the 'minimal' initial burden of establishing a prima facie case of discrimination."[3] *Id.* "Although the precise

_____

[3]Once the plaintiff establishes a prima facie case, the burden shifts to the governmental entity to rebut the presumption of discrimination by articulating a

7

elements of this showing will vary depending on the circumstances, the plaintiff's burden at this stage of the case is not onerous." *Garcia*, 372 S.W.3d at 634 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094 (1981)).

## IV. WHETHER WILLSEY PLEADED OR CAN PLEAD A CLAIM UNDER THE TCHRA TO WAIVE THE CITY'S IMMUNITY FROM SUIT

In its first issue, the City argues that the trial court did not have subject-matter jurisdiction over Willsey's claims for age and sex discrimination because the evidence demonstrates that "she was not replaced by someone outside the protected class[es]"—that is, by a younger person or a male. In its second issue, the City argues that the trial court did not have subject-matter jurisdiction over any of Willsey's claims because she did not plead direct evidence of discrimination and because she failed to plead all the elements of a prima facie case for each of her claims. The City's plea to the jurisdiction and arguments on appeal challenge both the sufficiency of Willsey's pleadings (via its second issue) and the existence of jurisdictional facts (via its first issue). We discuss each separately.

---

"legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824. It then becomes the plaintiff's burden to show that the reason offered was a pretext for discrimination. *Id.* at 805, 807, 93 S. Ct. at 1825–27. However, only the prima facie elements of the plaintiff's case are jurisdictional. *Garcia*, 372 S.W.3d at 635–38; *Mesquite Indep. Sch. Dist. v. Mendoza*, 441 S.W.3d 340, 343 n.2 (Tex. App.—Dallas 2013, no pet.).

8

## A. The Sufficiency of the Pleadings[4]

When a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff has met its burden of alleging facts that affirmatively demonstrate that the trial court has subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff, accept all factual allegations as true, and look to the plaintiff's intent. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). If the pleadings are insufficient to establish the trial court's jurisdiction but do not affirmatively demonstrate an incurable defect in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be given an opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction altogether, then a plea to the jurisdiction may be granted without allowing a (necessarily futile) chance to amend. *See id.* at 227.

---

[4]Generally, we first address the issue that offers the greatest potential relief if successful, which, in this case, would be the City's first issue negating the existence of jurisdictional facts that, if true, would require this court to reverse and render judgment dismissing two of Willsey's claims. *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (explaining that generally, when a party presents multiple grounds for reversal of a judgment on appeal, appellate courts should first address issues that would require rendition). We do not follow that format here because the City's first issue incorrectly treats this as a replacement case, which is explained in more detail below in the elements of a prima facie case for age discrimination, and because we ultimately hold that Willsey should be given an opportunity to replead her age discrimination, gender discrimination, and retaliation claims after discovery is conducted.

### 1. Direct Evidence

In the first portion of its second issue, the City argues that the trial court did not have subject-matter jurisdiction over any of Willsey's claims because she did not plead direct evidence of discrimination. As set forth above, Willsey can prove her discrimination claims by either direct or circumstantial evidence. *See Garcia*, 372 S.W.3d at 634. Because Willsey was not required to plead direct evidence of discrimination, we overrule the first portion of the City's second issue challenging Willsey's failure to plead direct evidence.

### 2. Prima Facie Case

### a. Discrimination Claims

In the latter part of its second issue, the City argues that Willsey did not allege a prima facie case of age and gender discrimination against the City and sets forth the elements to establish a general violation of the TCHRA—that the plaintiff must show that she was (1) a member of the class protected by the TCHRA, (2) qualified for her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). The City contends that Willsey did not establish the second and fourth elements with respect to her age and gender discrimination claims. We will address the pleading sufficiency of Willsey's age and gender discrimination claims separately.

10

### i. Age Discrimination Claim

For an age discrimination case, we must first determine whether the terminated employee is urging a true replacement claim or a reduction-in-force claim. *See generally Garcia*, 372 S.W.3d at 639, 642 (stating that the same factors cannot be utilized when an employee is not replaced as when an employee is replaced). The Texarkana Court of Appeals has set forth the following test for determining whether an employee was replaced:

> In the context of age discrimination, a terminated employee is replaced by another person when the terminated employee's position is filled by that person and that person is assigned the terminated employee's former job duties. Consequently, a terminated employee is not replaced by a person who temporarily assumes the terminated employee's job duties or a person who only takes over a part of those duties. When a terminated employee's job duties are distributed among other employees after termination, those employees do not replace the terminated employee. This is not to say, however, that to come under this provision of the [Texas] Labor Code, a terminated employee must be replaced by a new hire. It is possible for a terminated employee to be replaced by someone who already works for the employer so long as that employee completely takes over the terminated employee's job duties. This could be a common occurrence in a large company or an entity where promoting from within is the preferred method of hiring. A determination of whether an employee was actually replaced by another requires an inquiry into the job position and duties performed by the terminated employee[] and an inquiry into the work performed by the person who is alleged to have replaced that employee.

*Baker v. Gregg Cty.*, 33 S.W.3d 72, 81–82 (Tex. App.—Texarkana 2000, pet. dism'd) (internal footnote omitted).

Here, the affidavit attached to the City's plea demonstrates that Willsey's job duties—which included performing inspections for public work projects, acting

11

as a permit clerk, and performing pest control—were distributed among five individuals who ranged in age from 29 to 70. Because no one employee completely took over Willsey's job duties, we treat this as a reduction-in-force case. *See Hall v. RDSL Enters. LLC*, 426 S.W.3d 294, 303 (Tex. App.—Fort Worth 2014, pet. denied) (determining that elimination of one employee's position in food prep constituted a reduction in force because duties performed by food-prep position were distributed to other positions). Accordingly, we evaluate whether Willsey pleaded a prima facie case of age discrimination under the modified prima facie standard utilized in reduction-in-force cases. *See id.* (concluding that modified prima facie standard applied in reduction-in-force case).

In a reduction-in-force case, a plaintiff makes out a prima facie case of age discrimination by showing the following: (1) that she is within the protected age group; (2) that she was qualified for her employment position; (3) that she has been adversely affected by the employer's decision; and (4) that there is "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996);[5] *see also Russo v. Smith Int'l, Inc.*, 93 S.W.3d 428, 436 (Tex. App.—Houston [14th

---

[5]Because the TCHRA was enacted to coordinate Texas law with federal anti-discrimination law, we may look to analogous federal statutes and cases interpreting those statutes in our analysis. *See In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (orig. proceeding).

12

Dist.] 2002, pet. denied) (discussing and utilizing Fifth Circuit's modified prima facie standard in cases involving a general reduction in workforce). To show that she was qualified for the position she held at the time she was terminated, a plaintiff should show that she continued to possess the necessary qualifications for her job. *See Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1506 n.3 (5th Cir. 1988). To set forth the fourth prong, a terminated employee must plead that she was either (1) replaced by someone outside the protected class, (2) replaced by someone younger, or (3) otherwise discharged because of her age. *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir. 1993). The City challenges only two of the four elements of a prima facie case of age discrimination—that Willsey did not sufficiently plead her qualifications and that she did not sufficiently plead the fourth prong, which under the modified prima facie standard is sufficiently pleaded if a plaintiff alleges that she was "otherwise discharged because of her age." *See id.*

As set forth above, Willsey alleged that "Defendant's actions and omissions constitute age discrimination . . . in violation of Texas Labor Code §[]21.051 et seq." and that "Defendant took these actions against Plaintiff because of her age." In her response to the City's plea to the jurisdiction, Willsey alleges that there were five public works inspectors; that the City eliminated her inspector position when she was forty-eight years old, as well as the position of a seventy-two-year-old inspector; that the City did not eliminate the positions of younger inspectors; and that the City "eliminated positions of the only female

13

inspector [Willsey] and two older inspectors [Willsey and Grindstaff]." Willsey also alleged that she was terminated by Roberts three days after he had asked her how much time she had left before she was eligible to receive retirement benefits. Willsey thus alleged facts to support the fourth element—that she was otherwise discharged because of her age. With regard to the second element— that she was qualified for her position—although Willsey pleaded that she had been a public works inspector for almost nine years, she did not plead that she was qualified for her position as a permit clerk, which she held at the time of her termination, and included only a conclusory statement that she was qualified for the water treatment position that she wanted to apply for. *See Durham v. Ascension Parish School Bd.*, 624 F. App'x 237, 238 (5th Cir. 2015) (holding that appellant's bare pleadings, which did not state that she was qualified for the position, failed to allege facts to support her claim for age discrimination); *Creaghe v. Albemarle Corp.*, 98 F. App'x 972, 975 (5th Cir. 2004) (holding that appellant's conclusory statement that he was qualified for another position failed to satisfy qualification element of age discrimination). Willsey therefore did not sufficiently allege facts to support the second element of her age discrimination claim.

Willsey's pleadings fail to state a prima facie case for age discrimination in the reduction-in-force context and thus do not state a claim for which immunity is waived under the TCHRA. *See Garcia*, 372 S.W.3d at 637 (stating that failure to demonstrate elements of a prima facie case means that plaintiff never gets

14

presumption of discrimination and that trial court has no jurisdiction); *Univ. of Tex. at El Paso v. Esparza*, 510 S.W.3d 147, 158 (Tex. App.—El Paso 2016, no pet.) (holding that terminated employee did not sufficiently plead age discrimination claim). Accordingly, the trial court erred to the extent it denied the City's plea to the jurisdiction challenging Willsey's pleadings as to her age discrimination claim.

**ii. Gender Discrimination Claim**

To establish a prima facie case of gender discrimination, a plaintiff is required to prove that (1) she is a member of a protected class, (2) she was qualified for her position, (3) her employment was terminated, and (4) she was treated less favorably than similarly situated members of the opposing class. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005). The City challenges only two of the four elements of a prima facie case of age discrimination—that Willsey did not sufficiently plead her qualifications and that she did not sufficiently plead that she was treated less favorably than similarly situated members of the opposing class.

Similar to the pleadings on her age discrimination claim, Willsey's pleadings on her gender claim state that "Defendant's actions and omissions constitute . . . sex discrimination in violation of Texas Labor Code §[]21.051 et seq." and that "Defendant took these actions against Plaintiff because of her . . . gender." Willsey alleged the same set of facts for both her age discrimination claim and her gender discrimination claim—that she was the only female

15

inspector and that the City only eliminated her position and the position of a seventy-two-year-old male inspector. These allegations support the fourth element of her age discrimination claim rather than the fourth element of her gender discrimination claim. She did not plead additional facts related to her gender discrimination claim and thus did not plead facts to support the fourth element of a prima facie case of gender discrimination. Moreover, as discussed above, Willsey did not plead that she was qualified for her position as a permit clerk—the second element of a prima facie case of gender discrimination. At this stage of the proceedings, Willsey's pleadings fail to state a prima facie case for gender discrimination and thus do not state a claim for which immunity is waived under the TCHRA. *See Garcia*, 372 S.W.3d at 637; *Esparza*, 510 S.W.3d at 158 (holding that terminated employee did not sufficiently plead gender discrimination claim). The trial court therefore erred to the extent it denied the City's plea to the jurisdiction challenging Willsey's pleadings as to her gender discrimination claim.

### b. Retaliation Claim

The City also argues in its second issue that Willsey failed to sufficiently allege a claim for retaliation because she failed to allege what she did or said that allegedly caused the City to retaliate against her.

To make a prima facie showing of each element of retaliation under the TCHRA, Willsey must show (1) participation in a protected activity, (2) an adverse employment action, and (3) a causal link between the activity and the adverse employment action. *See San Antonio Water Sys. v. Nicholas*, 461

16

S.W.3d 131, 137 (Tex. 2015); *see also Cabral v. Brennan*, 853 F.3d 763, 766–67 (5th Cir. 2017). An employee engages in a protected activity when she "opposes a discriminatory practice"; "makes or files a charge"; "files a complaint"; or "testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." Tex. Lab. Code Ann. § 21.055 (West 2015). To determine whether an adverse employment action was taken as a result of retaliation at the prima facie stage, we focus on the final decisionmaker. *See Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002). The plaintiff must show that the final decisionmaker was aware of the plaintiff's protected activity: "If an employer is unaware of an employee's protected activity at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999), *cert. denied*, 529 U.S. 1027 (2000). Moreover, we can consider only events that took place after a plaintiff engaged in a protected activity in deciding whether the defendant took an adverse employment action against the plaintiff that has a causal link to the protected activity. *See Metro. Transit Auth. of Harris Cty. v. Ridley*, No. 01-17-00081-CV, 2017 WL 3910160, at *6 (Tex. App.—Houston [1st Dist.] Sept. 7, 2017, pet. denied).

The City argues that Willsey failed to allege elements one and three for a prima facie case of retaliation. Willsey's response to the City's plea and the addendum to the charge of discrimination that Willsey filed with the EEOC states that she took FMLA time and was retaliated against "for opposing a

discriminatory act." Willsey's petition, under the age and gender heading that is incorporated by reference in her retaliation section, states that she resisted and reported the City's "discriminatory actions and ultimately filed a charge of discrimination." And then Willsey states in her response to the City's plea that the City pursued her after her termination by "making up false accusations against her and seeking criminal charges against her when the City claimed [she] had stolen records" and that such actions by the City in interfering with her future employment prospects "may be the basis of a retaliation action."

Even construing Willsey's pleadings liberally in her favor, we are left to guess what the protected activity is that Willsey participated in *prior to* her termination that the final decisionmaker for the City was aware of and the causal link between that protected activity and her termination. Because Willsey's pleadings do not plead a prima facie case of retaliation against the City, Willsey has not stated a claim for which immunity is waived under the TCHRA. *See Garcia*, 372 S.W.3d at 637; *Esparza*, 510 S.W.3d at 160 (holding that terminated employee did not sufficiently plead retaliation claim). Accordingly, the trial court erred to the extent it denied the City's plea to the jurisdiction challenging Willsey's pleadings as to her retaliation claim.

### c. Result and Remedy

Having held that Willsey's pleadings are insufficient to establish the trial court's jurisdiction over her age discrimination, gender discrimination, and retaliation claims, we sustain the latter portion of the City's second issue arguing

18

that Willsey failed to plead all the elements of a prima facie case for each of her claims. We must now determine whether Willsey's pleadings affirmatively demonstrate an incurable defect in jurisdiction. *See Miranda*, 133 S.W.3d at 226–27. The City does not argue that Willsey's pleadings affirmatively reveal incurable jurisdictional defects,[6] nor have we found any. The appropriate remedy in cases like this is to remand the case to permit Willsey to amend her pleadings. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) ("When this Court upholds a plea to the jurisdiction on sovereign immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured."); *Esparza*, 510 S.W.3d at 157–58, 160 (allowing terminated employee the opportunity to replead because it was at least plausible that she might be able to replead her case to meet the elements of her claims for age discrimination, gender discrimination, and retaliation).

## B. The Existence of Jurisdictional Facts

The City argues in its first issue that as to the fourth element of Willsey's age and gender discrimination claims, she cannot allege that she was treated less favorably than similarly situated members of the opposing class as a matter of law "because she was not replaced by someone outside the protected class."

---

[6]The prayer in the City's brief states, "If Issue 2 is sustained, the City asks this Court to remand the case to the trial court specifically ordering Appellee to plead sufficient facts to allege the respective prima facie case for discriminatory treatment and retaliation."

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. "We do not adjudicate the substance of the case but instead determine whether a court has the power to reach the merits of the claim." *Satterfield & Pontikes Constr., Inc. v. Tex. S. Univ.*, 472 S.W.3d 426, 430 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). "Our ultimate inquiry is whether the particular facts presented, as determined by the foregoing review of the pleadings and any evidence, affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction." *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 738 (Tex. App.—Austin 2014, pet. dism'd). If the evidence raises a fact question on jurisdiction, the trial court must deny the plea and let the factfinder resolve the question. *Miranda*, 133 S.W.3d at 227–28. In contrast, if the evidence is undisputed or fails to raise a fact question regarding jurisdiction, the trial court must rule on the jurisdictional plea as a matter of law. *Id.* at 228.

But when a plea to the jurisdiction requires examining evidence, a trial court has the discretion to decide "whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case." *Id.* at 227; *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case

20

must be left largely to the trial court's sound exercise of discretion."). A trial court may postpone its consideration of a jurisdictional plea so that the plaintiff has sufficient opportunity to produce evidence that might raise a fact issue. *Combs v. City of Webster*, 311 S.W.3d 85, 91 n.1 (Tex. App.—Austin 2009, pet. denied) (citing *Miranda*, 133 S.W.3d at 227). Because a trial court should make a jurisdictional determination as early as practicable, the court should allow "reasonable opportunity for targeted discovery" if necessary to illuminate jurisdictional facts. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 233), *cert. denied*, 569 U.S. 947 (2013). Whether to allow such discovery and to give the parties more time to gather evidence and prepare for the hearing on the plea is within the trial court's broad discretion. *Garcia*, 372 S.W.3d at 642–43 (citing *Miranda*, 133 S.W.3d at 229, 233).

As discussed above, because this is a reduction-in-force case rather than a true replacement case, we utilize a modified prima facie standard in which the fourth element of an age discrimination claim—that there is "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue"—can be established by Willsey alleging that she was "otherwise discharged because of her age." *See Nichols*, 81 F.3d at 41; *Bodenheimer*, 5 F.3d at 957; *see also Russo*, 93 S.W.3d at 436. Willsey thus does not need to allege that she was

21

*replaced* by someone outside the protected class in order to plead a prima facie case of age discrimination.

Similarly, the fourth element of a prima facie case of gender discrimination requires that Willsey demonstrate that she was treated less favorably than similarly situated members of the opposing class. *See Monarrez*, 177 S.W.3d at 917. Willsey thus does not need to allege that she was *replaced* by someone outside the protected class in order to plead a prima facie case of gender discrimination. *See id.*

Because the City challenges Willsey's failure to plead the existence of jurisdictional facts solely based on a true replacement theory—which is not the type of case presented here—and because the trial court had the discretion to decide to await a fuller development of the case, we hold that the trial court did not err by denying the City's plea to the jurisdiction to the extent it challenged the existence of jurisdictional facts on Willsey's age and gender discrimination claims. Based on the record before us, both Willsey's age discrimination claim and her gender discrimination claim may be fleshed out once discovery has been conducted.[7] *See Campos v. Tex. Dep't of Crim. Justice*, 385 S.W.3d 35, 42 (Tex. App.—Corpus Christi 2009, no pet.) (instructing trial court to allow discovery to "flesh out these issues" because "appellants' ability to state a claim

---

[7]Willsey mentioned the lack of discovery at the hearing on the City's plea, stating that "this is more or less a motion for summary judgment, and[] therefore, we have to be given time to do discovery so we can present our evidence."

22

is hampered by the lack of discovery in this case, and discovery should be permitted before appellants are required to replead"). Accordingly, we overrule the City's first issue.

## V. CONCLUSION

Having overruled the City's first issue, we affirm the trial court's denial of the portion of the City's plea to the jurisdiction asserting a lack of jurisdictional facts to establish that Willsey was not replaced by someone outside the protected age and gender classes. Having sustained the latter portion of the City's second issue, we reverse the trial court's denial of the City's plea to the jurisdiction challenging the sufficiency of Willsey's pleadings to allege every element of a claim under the TCHRA for age discrimination, gender discrimination, and retaliation, and we remand this case to the trial court to provide Willsey with the opportunity to replead these claims and for further proceedings consistent with this opinion. *See* Tex. R. App. P. 43.2(d).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, KERR, and PITTMAN, JJ.

DELIVERED: March 15, 2018

23